```
                UNITED STATES DISTRICT COURT FOR THE
                 WESTERN DISTRICT OF NORTH CAROLINA
                         CHARLOTTE DIVISION
                          3:05CV404-MU-02
```

**CHARLES WILLIAM EVANS,**    )
    Petitioner,                  )
                                    )
          v.                     )        <u>**O R D E R**</u>
                                      )
**THE STATE OF NORTH CAROLINA,**  )
    Respondent.                )
_____)

**THIS MATTER** is before the Court on initial review of the petitioner's fourth Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254, filed September 19, 2005. For the reasons stated herein, the petitioner's Petition shall be <u>dismissed</u>.

This is the petitioner's <u>fourth</u> attempt at obtaining federal relief for his 1992 State court convictions for Second Degree Murder and Taking Indecent Liberties with a Minor. However, as this Court noted in its April 2003 Order by which it dismissed the petitioner's third <u>Habeas</u> Petition, the petitioner cannot prevail with these unauthorized successive attacks.

Indeed, under 28 U.S.C. §2244, the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") requires that before a petitioner files a successive <u>habeas</u> Petition, such as the instant one, he must first obtain pre-filing authorization for that Petition from a panel of judges at the Circuit Court level. Inasmuch as the petitioner has not mentioned his having obtained any such

authorization, and this Court is not otherwise aware of the petitioner having been granted the appropriate authorization, the subject Petition is barred as successive.

Moreover, just as was the case with the petitioner's third Petition, even if this fourth Petition were not barred as successive, it still would be subject to summary dismissal because it was filed far outside the one-year statute of limitations set forth under the AEDPA. See 28 U.S.C. §2254. That is, the record shows, and this Court has previously determined, that the petitioner's convictions and sentence became final prior to the date that the AEDPA took effect in 1996.

Therefore, the petitioner had up to and including April 24, 1997--one year from the AEDPA's enactment date--in which to file this Petition. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000) (noting that for convictions that became final before the AEDPA's effective date, the one-year limitations period shall be construed as running from April 24, 1996). Obviously, however, the instant Petition was not filed within one year of April 24, 1996. Thus, this Petition also is barred as untimely filed.

Based upon the foregoing analysis, the petitioner's petition is **DISMISSED**.

**SO ORDERED.**

**Signed: September 29, 2005**

Graham C. Mullen
Chief United States District Judge